[No. 14188-1-I.   Division One.   August 5, 1985.]

SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND,
ET AL, *Appellants,* v. AAA BUILDING
MAINTENANCE, INC., *Respondent.*

*Sanford Levy,* for appellants.

*Eugene R. Nielson,* for respondent.

PETRIE, J.*—Two trust funds, trustees of two employee benefit trusts (Service Employees Health and Welfare Trust Fund and B.O.M.A. Local 6 Pension Trust Fund), appeal that portion of a judgment which dismissed their complaint against AAA Building Maintenance, Inc., for contributions to the Trust Funds on behalf of certain individuals designated by AAA as "subcontractors" and designated by Trust Funds as "employees." AAA cross–appeals, contending the trial court erred by denying its demand for attorney's fees pursuant to RCW 4.84.330. We affirm the judgment in all respects.

AAA is engaged in the business of providing janitorial services to various commercial and industrial buildings. In addition to utilizing its regular employees to perform these services, AAA customarily and historically also contracts with other individuals (some of whom in turn hire their own employees) to perform these services when small time demands or locations of buildings are such that it is not deemed economically feasible for AAA to use its regular hourly employees for these sporadic or isolated jobs.

Service Employees International Union, Local 6, represents AAA's employees. AAA and Local 6 executed two

---

*Judge Harold J. Petrie is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

successive 3–year collective bargaining agreements effective May 1, 1976, and May 1, 1979, which obligated AAA to make timely monthly contributions to the Trust Funds for health insurance and retirement benefits for AAA's employees. Under the trust agreements, failure to make those payments in a timely manner subjects the employers to specified liquidated damages, costs, and attorney's fees. To verify the accuracy of AAA's reporting practices, the Trust Funds conducted an audit of AAA's payroll and subcontracting records. The audit revealed $23,241.53 in alleged unpaid contributions, of which $3,971.86 was for AAA's regular hourly employees and $19,269.67 was for subcontractors. Before trial, AAA paid $3,843.04 of the unpaid contributions due as to its regular employees; the balance of $128.82 in contributions as to regular employees was paid subsequent to trial and before entry of judgment.

AAA refused, however, to pay contributions on behalf of its subcontractors. Additionally, AAA refused to pay any liquidated damages, audit fees, or costs as to subcontractors or as to some late payments for its regular employees. Though AAA conceded liability for some liquidated damages, the parties did not agree as to an apportionment of damages and costs. Accordingly, trial proceeded on the issue of AAA's liability for contributions on behalf of "subcontractors", and the court was requested to determine the extent of damages and costs to which AAA was liable for late or delinquent contributions on behalf of its regular employees.

The trial court determined that AAA was not liable for contributions on behalf of its subcontractors. The court also found a series of late payments occurred in 1980 and 1981 as a result of which the court imposed liquidated damages totaling $4,781.54, ordered payment of $250 audit fees, and awarded reasonable attorney's fees in the amount of $2,630. On its cross appeal, AAA has not challenged these damages, costs, and fees.

We consider first the issue of AAA's liability for contributions to its subcontractors. Essentially dispositive of the

issue is the trial court's unchallenged finding of fact 2.12 as follows:

The basic elements of AAA's oral agreements with subcontractors were:

a. Subcontractors agreed to be compensated by payment of a certain sum of money per month or other agreed time period, regardless of the amount of time actually spent by the subcontractors in doing the work.

b. Subcontractors chose, within time limits available from the customer, when to start and finish their work.

c. Subcontractors could use cleaning equipment furnished by AAA or could furnish their own. Some subcontractors furnished their own vacuums and other cleaning tools although most chose to use those furnished by AAA.

d. Subcontractors could do the work themselves, or hire persons to do the work for them or to help them. Some subcontractors hired employees but most did the work themselves.

e. The subcontractor was required to tell AAA the name of the person, or persons, who would be in the building doing the work so that AAA could inform the customer of the identity of the janitors in the building.

The trial court also found in finding of fact 2.13:

AAA has not reserved the right to control the hours, or the manner of its subcontractors' performance of the work.

Though the Trust Funds do assign error to that finding, they concentrate on the trial court's failure in its oral opinion to discuss other more basic or raw facts which support that inferred finding. We are more concerned with the findings actually entered by the court. We find substantial evidence in the record, including some of that set forth and unchallenged in finding of fact 2.12, which supports the challenged finding.

■ There should be no disagreement as to the law that must be applied in this case. The primary and most fundamental concept is that a "subcontractor" becomes an "employee" under federal labor law—and equally so under the common law of agency—when the hiring authority reserves the right to control the details of the work as

opposed to the results of this work. Though other indicia such as the entrepreneurial aspects of the subcontractors' business, his potential for loss or profit, and his proprietary interest in his business should be taken into consideration when evaluating the actual relationship, the "right-of-control" test remains paramount. *NLRB v. United Ins. Co. of Am.,* 390 U.S. 254, 19 L. Ed. 2d 1083, 88 S. Ct. 988 (1968).

Applying that law to the facts as found by the trial court, we hold the court did not err in its ultimate conclusion that AAA was not liable for contributions to the Trust Funds on behalf of its subcontractors.

We turn then to AAA's contention that the trial court erred by denying attorney's fees pursuant to RCW 4.84.330. That statute declares that when a contract provides that attorney's fees incurred to enforce the contract shall be awarded to one of the parties, the *prevailing* party shall be entitled to reasonable attorney's fees. Though, in this action, AAA prevailed in the principal issue presented at trial, it is at least an open question, in view of the substantial judgment entered against it, whether it was the "prevailing party". In any event, the trial court concluded, and we agree, that in the context of this action RCW 4.84.330 has been superseded by a federal statute which precludes an award of attorney's fees to AAA.

■ This is an action to enforce collection of contributions to an employee benefit trust—an action now specifically authorized under 29 U.S.C. § 1145. 29 U.S.C. § 1132(g), as amended in 1980 (and applicable to the case at bench), provides:

(1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—

. . .
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant . . .

In 1980 the clear intent of Congress was to continue the preexisting law which granted courts discretion to allow attorney's fees to a prevailing party in all cases save one, *i.e.,* when "a judgment in favor of the plan is awarded". *Carpenters Southern Cal. Admin. Corp. v. Russell,* 726 F.2d 1410 (9th Cir. 1984). Here, judgment was awarded in favor of the Trust Funds. True, the judgment in favor of the Trust Funds pertained only to the amount of liquidated damages, costs, and attorney's fees awarded because of the Trust Funds' necessity to bring the action to collect deficiencies attributed to AAA's regular employees. Nevertheless, the judgment actually entered fits the mandatory category of 29 U.S.C. § 1132(g)(2) and not the discretionary category of subsection (g)(1).

Finally, there can be no doubt that in 1980 Congress amended 29 U.S.C. § 1132 as a protective measure to assist employee benefit trusts to recoup losses theretofore found to be substantial because of employer–caused deficiencies in failure to make adequate and timely contributions. *See Central States, Southeast & Southwest Areas Pension Fund v. Alco Express Co.,* 522 F. Supp. 919 (E.D. Mich. 1981). Congressional intent to supersede contrary state laws was clearly manifested by 29 U.S.C. § 1144(a).

Judgment affirmed.

SWANSON and WEBSTER, JJ., concur.